This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 32,558**

**VICTOR E. TRUJILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Edmund H. Kase III, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Victor E. Trujillo
Santa Rosa, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals from the district court's order denying his motion to correct an illegal sentence. [SRP 993]. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition to this Court's proposed disposition, which we have duly considered. Unpersuaded, we affirm.

Defendant has asked this Court to reverse the district court's order, arguing that he was wrongfully convicted on two counts of contributing to the delinquency of a minor because the victim was over the age of eighteen when the offenses occurred. [DS 1] In this Court's calendar notice, we proposed to apply the doctrine of law of the case and affirm. We based our proposed disposition on our review of the same issues raised herein in Defendant's prior appeal, *State v. Trujillo*, No. 24,919, slip. op. (N.M. Ct. App. (Jan. 6, 2005)

Defendant takes issue with this Court's proposed disposition, arguing that the same issue is not being presented in the current case as was decided by this Court in *State v. Trujillo*, Case No. 24,919. Although Defendant attempts to distinguish the arguments raised in Case No. 24,919 from the present case, the legal issue presented is still the same. [*Compare* RP 503 (*Trujillo*, No. 24,919, slip. op. at 2) (stating that Defendant was arguing that his plea agreement was invalid because the crimes to which he pled required Victim to be under eighteen and Victim was not under 18 when the crimes were committed, and holding that Defendant could not challenge the

facts underlying his plea where he had admitted that there was sufficient factual support for the charges) *with* RP 964-65 (Defendant's motion to correct an illegal sentence) (requesting that the district court vacate two counts of contributing to the delinquency of a minor because Victim was over the age of eighteen when the crimes were committed)] While Defendant is correct in noting that he may raise the issue of an illegal sentence at any time—even for the first time on appeal and even though he entered a plea of guilty—this Court has already concluded once before that he cannot change the facts supporting his convictions for contributing to the delinquency of a minor given the entry of his guilty plea. As a result, under the doctrine of law of the case, we are bound by this Court's prior decision and we affirm.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**



_____
**CYNTHIA A. FRY, Judge**

_____

**MICHAEL E. VIGIL, Judge**